IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 0 1 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| ELIMELECH SHMI HEBREW, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-02929 |
| | § | |
| BRYAN COLLIER, ET AL., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MOTION FOR CLARIFICATION REGARDING THE APPLICATION OF THE FIFTH
CIRCUIT COURT OF APPEALS' DECISION**

I Elimelech Hebrew Plaintiff, proceeding pro se, and hereby respectfully requests this Honorable Court to provide clarification regarding the United States Court of Appeals for the Fifth Circuit decision dated September 15, 2023, in the context of the ongoing pretrial proceedings in the above-captioned case. In support of this Motion for Clarification, I Hebrew respectfully state as follows:

Introduction:

This motion seeks clarification on the specific aspects of the Fifth Circuit Court of Appeals' decision from the United States District Court for the Southern District of Texas USDC No. 4:21-CV-2929, issued on September 15, 2023. The Fifth Circuit Court decision is not being implemented whatsoever in the present pretrial proceedings currently scheduled for trial to commence in March and or April. I would not have consented to go to trial under the present procedure conducted by the defendant. Thus, for the procedures conducted by the defendant do not align in anyway with the Fifth Circuit Court of Appeals' decision. The Fifth Circuit Court of Appeal stated that:

> For decades, inferior federal courts read a single line from *Hardison* for more than it was worth. The de minimis test had no connection to the text of Title VII. *See Small v. Memphis Light, Gas & Water*, 952 F.3d 821, 826–28 (6th Cir. 2020) (Thapar, J., concurring). And by blessing "the denial of even minor accommodation in many cases," the *de minimis* test made it "harder for members of minority faiths to enter the job market." *Groff*, 143 S. Ct.

at 2292 (citing amicus briefs from, inter alia, The Sikh Coalition, Union of Orthodox Jewish Congregations of America, and Seventh-day Adventist Church). <u>No more</u>. The decision in *Groff* enables Americans of all faiths to earn a living without checking their religious beliefs and practices at the door.

      For the foregoing reasons, we REVERSE the district court's entry of summary judgment and REMAND <u>for proceedings consistent with this opinion</u>.

Unlawfully firing me:

The issue of the defendant discriminatorily firing me and the motivating factor for the defendant firing me was my religious practice in violation of my Title VII rights was affirmed in the Fifth Circuit Court of Appeal decision stating that:

    Before DENNIS, ENGELHARDT, and OLDHAM, *Circuit Judges*.

    ANDREW S. OLDHAM, *Circuit Judge*:

        The Texas Department of Criminal Justice <u>fired Elimelech Shmi Hebrew</u> after he refused to cut his hair and beard in violation of his religious vow. Hebrew brought a Title VII suit, alleging religious discrimination and failure to accommodate his religious practice. The district court granted summary judgment in favor of defendants. In accordance with the <u>Supreme Court's recent decision in *Groff v. DeJoy*</u>, 143 S. Ct. 2279 (2023), <u>we reverse</u>.

The issue regarding the defendant's intentionally firing me is due to my religious belief, a violation of my Title VII rights, was affirmed by the Fifth Circuit Court of Appeal decision stating that:

        <u>Hebrew's religious practice was more than a motivating factor in TDCJ's termination decision. In fact, it was the only factor that led to his discharge</u>… TDCJ placed him on unpaid leave. And then <u>TDCJ fired him for his religious observance of his Nazarite vow</u>. Hebrew has sufficiently proved that <u>TDCJ fired him "because of" his religious practice, so we must reverse the district court's entry of summary judgment</u>. 42 U.S.C. § 2000e-2(a); see also id. § 2000e(j); Abercrombie, 575 U.S. at 773; *Nobach*, 799 F.3d at 379.

        Two months after that, Hebrew received a letter from TDCJ denying his requests. It said:

        The Civil Rights Act of 1964, 42 USC 2000e(j) requires employers to reasonably accommodate employees by allowing them the opportunity to worship or observe their religious practices. Beards are prohibited for safety reasons as security staff must be able to properly wear a gas mask when chemical agents are being utilized throughout the unit. Long locks of hair could be used against you by an offender overpowering you especially from behind. Also, with this amount of hair contraband items cannot be easily detected during search procedures of the unit. Additionally, beards and hair of this length are prohibited per PD-28 Dress and

Grooming Standards, therefore, your request to wear a long beard and long locks is DENIED with no further actions. ROA.518; see also 406 (internal email providing same reasoning).

Hebrew received the letter. But he chose to keep his hair and beard in obedience to his religious vow. As a result, TDCJ terminated his employment.

Unlawfully denied reasonable accommodations:

The issue regarding the defendant denying me reasonable accommodations in violation of my Title VII rights was affirmed in the Fifth Circuit Court of Appeal decision stating that:

The district court also recognized that TDCJ failed to accommodate his religious practice. But it rejected Hebrew's failure to accommodate claim, reasoning that the accommodation would impose an undue hardship on TDCJ. The district court emphasized that TDCJ would have to bear more than a *de minimis* cost because coworkers would have to "perform extra work to accommodate" Hebrew's religious practice. ROA.884. The district court granted summary judgment in favor of the defendants. Hebrew timely appealed. We review the district court's summary judgment order *de novo*. *See Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 414 (5th Cir. 2021). We must construe all facts in favor of Hebrew as the non-moving party.

Title VII also requires employers to accommodate the religious observances or practices of applicants and employees. See id. §§ 2000e-2(a), 2000e(j). Such accommodations often go above and beyond the non-religious accommodations they might otherwise provide. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 775 (2015) ("Title VII does not demand mere neutrality with regard to religious practices . . . . Rather, it gives them favored treatment . . . ."). In short, Title VII imposes on employers both a negative duty not to discriminate and a positive duty to accommodate. We hold TDCJ breached both duties. TDCJ **(A)** failed to accommodate Hebrew's religious practice and **(B)** discriminated against him on the basis of his religious practice.

TDCJ's reference to possible additional work for Hebrew's coworkers is insufficient to show an undue hardship. *See id.* at 2296. Finally, TDCJ did not present any evidence that it considered other possible accommodations. *See id.* at 2297. It simply rejected Hebrew's accommodation request without a thorough examination of "any and all" alternatives. *See Adeyeye*, 721 F.3d at455.

The district court also recognized that TDCJ failed to accommodate his religious practice.

Likewise, in this case, TDCJ cannot hide behind its "otherwise-neutral policy." Ibid. This policy must "give way" to Hebrew's requested accommodation. Ibid. Plain and simple, "religious practice is one of the protected characteristics that cannot be accorded disparate treatment and must be accommodated." *Ibid.*

Finally, the Court noted that "Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations." *Ibid.* If a requested accommodation poses an undue hardship, the employer must *sua sponte* consider other possible accommodations. *See id.* at 2297. Only after thorough consideration of other options may the employer deny the employee's request for accommodation. *Cf. Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 455 (7th Cir. 2013) ("On this issue, [the employer] bears the burden of proof, so it must show, as a matter of law, that any and all accommodations would have imposed an undue hardship.") (cited in *Groff*, 143 S. Ct. at 2296).

I established a prima facie case:

I established a prima facie case in the southern district court of discrimination against the defendant and this fact was affirmed in the Fifth Circuit Court of Appeal decision stating that:

> The district court found that Hebrew had established a prima facie case of religious discrimination.

Legal Argument:

The defendant's false arguments that the reason it denied me reasonable accommodation was based in the false premise of undue hardship was affirmed in the Fifth Circuit Court of Appeal decision stating that:

> All agree that TDCJ failed to accommodate one of Hebrew's fundamental religious practices by requiring him to cut his long hair and long beard in violation of his religious vow. The only question is whether TDCJ has met its burden to show that granting Hebrew's requested accommodation—to keep his hair and beard—would place an undue hardship on TDCJ. We **(1)** *hold TDCJ cannot meet the undue hardship standard*, and **(2)** the Department's counterarguments are unavailing.
>
> The Supreme Court recently clarified the undue hardship standard. *See Groff v. DeJoy*, 143 S. Ct. 2279 (2023). Many lower courts, including the district court in this case, had read a prior Supreme Court decision, *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977), to hold an "undue hardship" was de minimis.'" *Groff*, 143 S. Ct. at 2286 (quoting *Hardison*, 432 U.S. at 84). In Groff, a unanimous Court forcefully rejected this reading. The Court held that a showing of "undue hardship" requires something far greater: an employer must prove that the burden of accommodation "is substantial in the overall context of an employer's business." Id. at 2294.
>
> The Court also specified what an undue hardship is not. Because the hardship must affect "the conduct of the employer's business," evidence of "impacts on coworkers is off the table for consideration" unless such impacts place a substantial strain on the employer's business. *Groff*, 143 S. Ct. at 2296 (quoting 42 U.S.C. § 2000e(j)). Even if an impact on coworkers places a substantial strain on the employer's

business, that impact "cannot be considered 'undue'" if it is attributable to religious bias or animosity. *Ibid.*

TDCJ cannot meet the requirements of Title VII for at least four reasons. First, TDCJ merely argues that the burden it would face is more than de minimis. ROA.477. But as *Groff* held, a de minimis burden does not qualify as an undue hardship. Thus, TDCJ's claim fails at the starting line. Second, TDCJ nowhere identifies any actual costs it will face—much less "substantial increased costs" affecting its entire business—if it grants this one accommodation to Hebrew. See *Groff*, 143 S. Ct. at 2295. TDCJ simply identifies its security and safety concerns without regard to costs. Likewise, TDCJ's reference to possible additional work for Hebrew's coworkers is insufficient to show an undue hardship. *See id.* at 2296. Finally, TDCJ did not present any evidence that it considered other possible accommodations. See id. at 2297. It simply rejected Hebrew's accommodation request without a thorough examination of "any and all" alternatives. *See Adeyeye*, 721 F.3d at 455.

TDCJ raises three counterarguments. None is persuasive.

First, TDCJ argues that this accommodation would pose an undue hardship because Hebrew could hide contraband in his hair or beard. But the district court admitted that TDCJ could simply search Hebrew before he entered the prison facilities. See ROA.885. As its own expert attested, TDCJ already "conducts searches of everyone who enters a unit, including its own employees." ROA.552. And TDCJ already searches officers' hair and beards if it suspects hidden contraband. ROA.553; cf. Holt v. Hobbs, 574 U.S. 352, 365 (2015) (holding beard searches address prison's safety concerns in context of religious discrimination claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). TDCJ's expert only feared that "if all officers were permitted to have long hair and long beards, the TDCJ may need to consider changing the way officers are searched." ROA.553. But a hypothetical policy reevaluation if everyone received an accommodation cannot show that TDCJ faces an undue hardship if it grants one accommodation. See Groff, 143 S. Ct. at 2295 (instructing us to look to "the case at hand" and "the particular accommodations at issue" (emphasis added)). The fact that a search of Hebrew might take a few extra minutes would not pose a "substantial" or "undue hardship" "in the overall context" of TDCJ's $2.4 billion FY2022 budget. Id. at 2294; Explore Expenditures, Texas Comptroller, https://perma.cc/5FVH-WHV9 (last visited September 12, 2023) (select "Expenditures"; then select "FY2022"; then select "All Expenditures"; select "Texas Department of Criminal Justice" from AGENCY dropdown; and finally select "General Revenue Fund" from APPROPRIATED FUND dropdown).

Second, TDCJ points to the potential safety risks of wearing a gas mask with a beard. Officers sometimes use chemical agents in prisons. When they do, TDCJ encourages the use of gas masks "if time and if the situation permits." ROA.556. Beards can inhibit masks from properly sealing and possibly expose

officers to chemicals. TDCJ has offered no evidence whatsoever to show that there is a greater safety risk or hardship in allowing Hebrew to keep his beard. Cf. Fraternal Order of Police Newark Lodge No. 12 v. City of Newark, 170 F.3d 359 (3d Cir. 1999) (Alito, J.) (holding that a no beard policy with a medical exemption undermined the prison's stated safety rationale).

Third, TDCJ argues that inmates could grab Hebrew's long beard or hair in an attack and thereby incapacitate him. But again, TDCJ's exception for other individuals undermines its stated rationale.

With respect to Hebrew's beard, TDCJ has presented no evidence that an officer with a long beard imposes an undue hardship. Cf. Garner v. Kennedy, 713 F.3d 237, 247 (5th Cir. 2013) (concluding that TDCJ's no-beard policy for inmates failed under RLUIPA because TDCJ presented "no evidence of any specific incidents affecting prison safety in those systems due to beards"). TDCJ's only evidence belabors the safety concerns of long hair but not long beards. ROA.556. Even if such safety concerns did exist, TDCJ would still bear the burden of demonstrating the "substantial increased costs" needed to address said concerns. Groff, 143 S. Ct. at 2295. Thus, TDCJ has not met its burden to show that it would face an undue hardship if it accommodated Hebrew's religious faith.

We review the district court's summary judgment order de novo. See Playa Vista Conroe v. Ins. Co. of the W., 989 F.3d 411, 414 (5th Cir. 2021). We must construe all facts in favor of Hebrew as the non-moving party.

Need for Clarification:

With all the fact of this case I stated here decided in the United States Court of Appeals for the Fifth Circuit in a unanimous decision and pursuant with the Supreme Court's recent decision in Groff v. DeJoy, 143 S. Ct. 2279 (2023). I wholeheartedly believe the district court has horribly misinterpreted or not applied its decision correctly in the context of this pretrial procedure, explaining why clarification is necessary for a fair and lawful continuation of the trial proceedings.

Request for Specific Clarification:

I request for the Honorable Court clarification as to why is the defendant sending documents that have no relevance whatsoever for proceedings consistent with the United States Court of Appeals for the Fifth Circuit's opinion.

WHEREFORE, I Hebrew Plaintiff prose, respectfully requests that this Court issue an order providing clarification on how the Fifth Circuit Court of Appeals' decision No. 22-20517 applies to the pretrial proceedings in this case.

Respectfully submitted,

March 1, 2024

Elimelech S. Hebrew
306 North Forest Blvd
Houston, Texas 77090
(713) 820-2041 Telephone
Hebrew.ceo@gmail.com

*PRO SE PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, I served a copy of this Motion for Clarification on Marlayna Ellis, via email.


/s/ Elimelech S. Hebrew
ELIMELECH S. HEBREW