United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIMELECH SHMI HEBREW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02929 |
| | § | |
| TEXAS DEPT OF CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Plaintiff, Elimelech Shmi Hebrew, ("Plaintiff" or "Hebrew") has various motions pending before this Court. This case concerns Plaintiff's claims of religious-discrimination and failure-to-accommodate under Title VII against the Texas Department of Criminal Justice ("Defendant" or "TDCJ"). Plaintiff alleges that he is a member of the Hebrew Israelite Jewish faith and as such has taken a "vow of Nazarite" to never cut his hair or beard. (Doc. No. 1, Statement of Claim, 1). Plaintiff alleges that he was denied employment as a Corrections Officer with the TDCJ due to his refusal to cut his hair or beard after Defendant denied his request for a religious accommodation. (*Id.* at 4-5). In September 2022, the District Court granted TDCJ's Motion for Summary Judgment. (Doc. No. 60). Plaintiff appealed, and the Fifth Circuit reversed in September 2023, remanded, and ordered TDCJ to pay Hebrew costs on appeal. (Doc. Nos. 65, 66).[1] Plaintiff failed to timely file a bill of costs. (Doc. No. 131, at 2). Plaintiff filed additional appeals as litigation continued in the District Court. (Doc. Nos. 103, 112). Most recently, Plaintiff's appeal of the District Court's

[1] The Fifth Circuit Judgment (Doc. No. 65) and Per Curiam Order (Doc. No. 66) were filed in the Court of Appeals in September 2023, but they were not filed in the District Court until October 2023.

order denying his Motion of Writ of Execution and Motion for Reconsideration was reinstated by the Fifth Circuit and is currently before that court. (Doc. No. 147). On September 25, 2026, Judge David Hittner recused, and the case was reassigned to this Court. (Doc. Nos. 159, 160). As such, all prior dates are vacated until a new scheduling order may be set before this Court.

In many of Plaintiff's motions, he refers to a "landmark victory" at the Fifth Circuit in 2023 and requests that this Court grant certain relief in his favor—specifically, entry of final judgment and awards of punitive and compensatory damages—in compliance with the Fifth Circuit's mandate regarding this case. As the Fifth Circuit clarified in its 2025 order, (Doc. No. 131), its 2023 reversal of summary judgment and remand of the case did not constitute a judgment in his favor. (Doc. No. 66). The Fifth Circuit explicitly stated that "Hebrew has acted under ***a mistaken belief that our September 2023 judgment adjudged the merits of the case in his favor***." (Doc. No. 131) (emphasis added). A reversal of summary judgment does not entitle a plaintiff to automatic judgment in his favor but rather signals that summary judgment was an inappropriate dismissal of a *possibly* meritorious claim and requires the parties to continue litigating the merits of the case. As the parties have not fully litigated the merits of Plaintiff's claims, Plaintiff is not entitled to any relief at this time. Relief cannot be granted to Plaintiff until a court adjudges the merits of the case and finds in his favor—that has not happened.

Plaintiff filed his Emergency Motions for Enforcement of the Appellate Mandate and for Supplemental Injunctive Relief Pursuant to 28 U.S.C. § 1651. (Doc. Nos. 161, 162). Defendant responded in opposition. (Doc. Nos. 165, 166). Plaintiff's motions are **DENIED** because the relief that Plaintiff seeks has already been denied by the Fifth Circuit for Plaintiff's failure to timely file a bill of costs. (Doc. Nos. 161, 162).

Plaintiff filed his Amended Emergency Motion to Stay Proceedings, Expose Systemic Evidence Suppression, Compel Appellate Mandate Compliance, and Disqualify Judge David Hittner for Extrajudicial Bias and Administrative Capture. (Doc. No. 163). Defendant responded in opposition. (Doc. No. 170). Plaintiff's motion is **DENIED** because his request to stay proceedings pending recusal of Judge Hittner is now moot and because there is no mandate from the Fifth Circuit compelling Plaintiff's requested relief. (Doc. No. 163).

Plaintiff filed his Motion to Compel Fiduciary Disclosures and to Enforce Appellate Mandate Costs. (Doc. No. 164). Defendant responded in opposition. (Doc. No. 167). As explained in the Fifth Circuit's 2025 order, Plaintiff is not entitled to appellate costs as he failed to timely file his bill of costs. (Doc. No. 131). Plaintiff's motion is **GRANTED** only as it applies to his motion to compel certain financial disclosures. (Doc. No. 164). Otherwise, it is **DENIED**. Defendant is ordered to provide Plaintiff with a copy of its 2026 and 2027 operating budgets.

Plaintiff filed his Motion to Tax and Execute Appellate Costs Pursuant to the Mandate of the Fifth Circuit Court of Appeals. (Doc. No. 168). Defendant responded in opposition. (Doc. No. 173). Plaintiff's motion is **DENIED** because, as explained by the Fifth Circuit and above, Plaintiff is not entitled to appellate costs as he failed to timely file his bill of costs. (Doc. No. 168).

Plaintiff's Motion to Void Procedurally Defective Order Subsections and Vacate the Invalid Scheduling Order is **DENIED** as it is based on the incorrect understanding that Plaintiff is entitled to judgment in his favor or relief of any kind as a result of the Fifth Circuit's reversal of summary judgment in 2023. (Doc. No. 172).

Plaintiff filed his Motion for Entry of Final Judgment and Compulsion of Mandatory Disclosures based on the Fifth Circuit's Mandate. (Doc. No. 178). Defendant responded in opposition. (Doc. No. 180). Plaintiff replied. (Doc. No. 181). Plaintiff's motion is **DENIED**

because there is no evidence on the record that a settlement agreement was reached, because the Court has already ordered Defendants to provide Plaintiff with a copy of its operating budget above, and because Plaintiff is not entitled to judgment in his favor or relief of any kind at this juncture as a result of the Fifth Circuit's reversal of summary judgment in 2023. (Doc. No. 178).

That being said and as noted above, the scheduling order put in place by Judge Hittner is vacated. Parties are hereby **ORDERED** to confer and propose a Joint Scheduling Order by November 30, 2026.

Signed on this 4th day of November 2026.

Andrew S. Hanen
United States District Judge